**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CIVIL DIVISION**

FILED
RICHARD W. NAGEL
CLERK OF COURT

JUL 21 2025 1:28 P

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

| | |
|---|---|
| FIG20, LLC FBO SEC PTY<br>1000 RIVERSIDE AVE, SUITE 400<br>JACKSONVILLE, FL 32204<br><br>Plaintiff,<br><br>vs<br><br>YESHUA AL-MALIK DIVINE REPUBLIC, 4236 MERRIMAC AVENUE Dayton, Ohio 45405<br><br><br>MONTGOMERY COUNTY TREASURER<br><br>ANNETTE D. FINLEY<br><br>YESHUA EL<br><br>Defendants, | 3:25 cv 249<br><br>U.S District Civil Action No.<br><br>**WALTER H. RICE**<br><br>**CAROLINE H. GENTRY**<br><br>State Court CASE NO. 2025 CV 02176<br><br>JUDGE. MARY WISEMAN<br><br>**PETITION FOR REMOVAL** |

## JUDICIAL NOTICE

Judicial Notice is giving and Judicial Notice is taken

    a) 3 U.S. 199, 3 Dall. 199
    b) War, Administrator of Jones, Plaintiff in Error v. Hylton et al Supreme Court of United States
    c) Society for Propagation of the Gospel 21 U.S. 8 Wheat. 464 (1823)
    d) United States Supreme Court THE AMISTAD (1841)
    e) Hauenstein v. Lynham, 100 U.S. 483 (1879)

-1-

Comes now, Defendant's, Yeshua El in his private capacity as a free and indigenous man of this land and in his official capacity as the Chief/Minister of YESHUA AL-MALIK DIVINE REPUBLIC, who respectfully requests this Court for an action of Removal for the above encaptioned state court action into the jurisdiction of this United States District Court pursuant to treaties of the United States.

## INTRODUCTION

For this Matter of Removal to this court is by Yeshua El on behalf of YESHUA AL-MALIK DIVINE REPUBLIC and myself (hereafter "Aggrieved Parties"), a Moorish subject of Morocco and a Moor by blood pedigree, but loss my national political identity and government by acquisition of sovereignty through language, subjugation and war. So, I was given an English Contract name by my Mother and Father to operate and be protected in the British Realm (North America) as a British subject pursuant Article 1 of the 1646 and 1677 Powhatan treaties and these guarantees and obligations were transferred over to the United States in 1783.

The Definitive Treaty of 1783 is a treaty of the United States which granted the 13 original states territorial sovereignty and also protects British subjects. The Jay Treaty of 1796 guarantees that British Subjects may hold lands in the United States and in the Britanic Majesty Dominions (North America) and they may sell their estate as they please. We never consented to selling our estate to the Plaintiff nor John McManus.

44

45 Yeshua El is the land lord owner by bloodright pedigree and has a secured interest pursuant to
46 treaties in the land in which the property in dispute is erected on. I was appointed Chief of
47 YESHUA AL-MALIK DIVINE REPUBLIC, a society of native Moors/Indians and British
48 Subjects in 2019. According to the plain language in the treaties signed by our Kings and
49 Queens, filing a financial statement for property protected by treaties is not necessary to secure
50 my interest which is also in accordance with UCC 9-311. Therefore, this action is based on land
51 grants and rights arising under treaties of the United States.

52

53 On or about May 30, 2020, the aggrieved parties paid the ransom and bought back a portion of
54 their ancestral lands and to protect these lands they perfected their claim by complying with the
55 Treaties by purchasing in silver money, placing secured interest on deed, re-titling the land back
56 to her original autochthonous jurisdiction and placing it in our records. We have reached out
57 several times to the Auditor, Treasurer, Ohio Tax Commissioner to get the property reclassed as
58 'Private Property Protected By Treaty' but our request were unanswered. We have also filed
59 several public records request with Ohio Attorney General Office and Montgomery County
60 Administration Office to produce certified evidence of their power and authority to assess and or
61 levy property protected by Treaties which they have no records of or delegation of authority to
62 do. [ *See exhibit h of Exhibit (A) Petition for Removal* ]

63

64 On January 9, 2024, John McManus (Montgomery County Treasurer) sold a security interest
65 (Tax Certificate 2024-0000000002 & 2024-0000002780) to FIG20 LLC FBO SEC PTY, on our
66 land and property without our written consent and without taking into consideration of our treaty,

religious, and cultural covenant protections that were placed on the deed which was recorded on 7/31/2020 in Montgomery County, Ohio neither did he take into account the deed by treaty recorded on 1/14/2021 on a native Moor/Indian Public Record www.amurruprovincia.com/land-titles/, which was mailed to his office, the Auditor office and the Ohio Tax Commissioner office when we requested that our land and property should be reclassified as 'Private Property Protected By Treaty'.

On or about March 25, 2025, the Plaintiff was granted permission from John McManus to file a mortgage foreclosure action among other relief, for alleged civil offences, in connection with the Aggrieved Parties. We filed a Petition for Quo Warranto to see where did John McManus, Montgomery County Treasurer get the authority to sell property subject to treaties without the consent of the aggrieved parties; and to see where did he get the authority to sell an interest in property subject to treaty; and to see where did he get the authority to deny treaty obligations; and to see where did he get the authority to impair the obligations of a contract; and to see where did he get the authority to usurp judicial authority not delegated to him pursuant to treaties. [ *See exhibit c of Exhibit (A) Petition for Removal* ]

### GROUNDS FOR REMOVAL

The United States was granted territorial sovereignty via Article 1 of the 1783 Definitive Treaty and now continues the European Conquest of our ancestral lands through Article 4 section 3 which allowed the political jurisdiction known as the State of Ohio to operate a political zone/jurisdiction on the natives territory known to my ancestors as Myaamionki. The United States also guaranteed

94  to my ancestors that their heirs would have territorial rights in the fullest and most ample manner,
95  as it hath been bounded in former treaties.

96

97  I am an heir at law of these native Moors/Indians whose territorial rights are being infringed upon
98  by John McManus, Montgomery County of Ohio Treasurer who sold an security interest to the
99  Plaintiff on property that is protected by treaties and land that is guaranteed by the United States.

100

101  The Plaintiff purchased this security interest in property protected by treaties without the consent
102  of the Aggrieved Parties and is trying to confiscate the property in violation of treaties of the United
103  States. The land and property is protected by Article 6 of the Definitive Treaty of Peace of 1783
104  between King George III of Great Britain and the United States of America; and Article 9 of the
105  Treaty of Navigation and Commerce between Great Britain and the United States of 1796 (Jay
106  Treaty); and Article 9 of the Treaty of Peace, Amity and Understanding between Great Britain and
107  the United States of 1814 (Ghent Treaty); and Article VI of the Treaty between the Lenni-Lenape
108  Moors/Indians and the United States of 1778 (Delaware Treaty) which are all treaties of the United
109  States in which the county courts have no jurisdiction over these matters.

110

111  This Petition for Removal is in a timely manner and proper under Jurisdiction and Removal Act
112  of 1875, Section 12 of the Judiciary Act of 1789, 28 U.S. Code § 1331 and 28 U.S. Code § 1441
113  (c)(1)(a) due to it being a civil action brought in a state court by Plaintiff who principal place of
114  business is in Jacksoville, Florida and the Aggrieved Parties, a Moor/Indian Society, a Moorish
115  Subject of Morocco who also operates as an English Subject of Great Britain who are
116  worshipping and living in their Homeland [Atlantis/Turtle Island/Morocco/Africa of the Western

117 Hemisphere but due to annexation and acquisition of territory its colloquially referred to as The
118 Americas/The New World/United States] among British and English subjects, colonies and
119 corporate subsidiaries such as the United States of North America and the District of Columbia.
120
121 Pursuant to Article 3 of Treaty of Navigation and Commerce between Great Britain and the
122 United States of 1796 (Jay Treaty), we have the right to pass and repass between the jurisdictions
123 of Great Britain, United States and our own Autochthonous territory and under article 9 of same
124 treaty be regarded as Aliens and as British Subjects. The comparables (comps) of recently sold
125 property in the neighborhood surrounding the property in dispute have all been valued and sold
126 for over $75,000 and being subjects of a foreign crown allows us to come under the Alienage
127 Jurisdiction of section 12 of the Judiciary Act of 1789 codified as 28 U.S.C. § 1332(a)(2).
128
129 The Plaintiff whose principal place of business is in Florida is demanding us to pay them in
130 Federal Reserve Notes which is the currency of the United States, creating a case that arises
131 under interstate commerce. According to the commerce clause of the United States constitution
132 the United States shall have exclusive jurisdiction over matters concerning interstate commerce.
133
134 According to Article 1 Section 8 the United States and its Courts have jurisdiction over matters
135 dealing with commerce with the Indians and not the state courts.
136
137 The Aggrieved Parties are claiming land under grants of a foreign state while the Plaintiff is
138 claiming land under a grant or authority of the State of Ohio and according to Article 3 section 2
139 of the U.S. constitution the Federal courts shall have judicial power to hear those claims.

140

141 In addition, the U.S. Supreme Court concluded In *Society v. New Haven, (8 Wheat.) 464, 5 L. Ed.*
142 *662 (1823)* "...The capacity of private individuals (British subjects), or of corporations, created
143 by the crown, in this country, or in Great Britain, to hold lands or other property in this country,
144 was not affected by the revolution. ***The proper courts in this country will interfere to prevent an***
145 ***abuse***.....neither those courts, nor the local legislature where the lands lie, can ***adjudge a***
146 ***forfeiture*** of the franchises of the foreign corporation, or of its property...." Therefore no county
147 court has jurisdiction over matters concerning property owned and held by private individuals
148 (British Subjects) and cannot adjudge a forfeiture over their property.

149

150 The grounds for removal listed above are not solely on the basis of the jurisdiction under 28
151 U.S.C. § 1332(a) or 28 U.S.C. § 1441(a) and therefore this is not a general removal procedure
152 where all defendants who have been properly joined and served must join in or consent to the
153 removal of the action [28 U.S. Code § 1446(b)] making this Petition to Remove a proper and
154 timely action.

155

156
157 **STATEMENT OF JURISDICTION**
158
159 Montgomery County courts do not have subject matter jurisdiction over cases arising under
160 Treaties made by the United States or concerning interstate commerce or commerce with
161 Indians. Montgomery County courts does not have territorial jurisdiction over land guaranteed
162 by the United States. Montgomery County courts do not have personam jurisdiction over native
163 Moors/Indians or British Subjects.

164

165 The Aggrieved Parties are foreign and protected by Treaties of the United States. This court has
166 jurisdiction to grant this Petition for Removal pursuant to Section 12 of the Judiciary Act of
167 1789, the Jurisdiction and Removal Act of 1875, 28 U.S.C. § 1331, 28 U.S.C. § 1332(a)(2), 28 §
168 1441(c) and ancillary claims for litigation is pursuant to Article 3, section 2, clause 1 of the
169 Constitution of the De jure United States to enforce the Definitive Treaty of Peace of 1783
170 between King George III of Great Britain and the United States of America; and Treaty of Peace,
171 Amity and Understanding between Great Britain and the United States of 1814 (Ghent Treaty);
172 and the Treaty of Navigation and Commerce between Great Britain and the United States of
173 1796 (Jay Treaty) which are mandatory pursuant to the supremacy clause of the Constitution of
174 the De Jure United States and other applicable authorities.

## VENUE

179 The United States District Court for the Southern District of Ohio has personum jurisdiction over
180 Aliens bound by Treaties operating within their zone and has territorial jurisdiction over land and
181 property within their geographical area and subject matter jurisdiction over the cause of action
182 and has the judicial power to enforce treaty rights and is an appropriate venue under Article III,
183 Section 2, Clause 1 of the U.S. Constitution.

## PLAIN STATEMENT OF FACTS

191 A. Plaintiff, FIG20, LLC FBO SEC PTY ("Accuser"), is a domestic limited liability company
192 with its principal place of business in Jacksonville, Florida who commenced the encaptioned
193 court action with the permission of John McManus, Montgomery County Treasurer who allowed

194 Accuser to file a notice of intent to foreclose with the Court of Common Pleas Montgomery
195 County Ohio Civil Division. A copy of the complaint is attached hereto as Exhibit (A) and
196 location is at 1000 RIVERSIDE AVENUE, SUITE 400, JACKSONVILLE, FLORIDA 32204.
197
198 B. Defendant, YESHUA AL-MALIK DIVINE REPUBLIC, is an autochthonous ecclesiastical
199 society created under the Laws of Nature and Nature's God by native Moor/Indians and British
200 Subjects to separate themselves from the colonial occupying jurisdictions on our ancestral lands
201 and to be able to self determine among themselves. In accordance with the constitution of
202 YESHUA AL-MALIK DIVINE REPUBLIC all real property should be titled to the society
203 which gives public notice to the foreign political occupying jurisdiction that the estate has been
204 bought back by an heir at law and so that the heirs of the estate may have privacy and do not
205 have to disclose their personal information on a foreign public record.
206
207 YESHUA AL-MALIK DIVINE REPUBLIC is also a private non stock and shares religion,
208 spiritual, cultural, charitable and commercial organization, existing under the laws of her
209 constitution and charter in accordance with the Mosaic Code and Moorish-Moroccan-American-
210 Indian Treaties, located at 25 Oyo Village, Myaamionki Province of Morocco, in care of (6403
211 Kindred Square, Montgomery, Ohio 45449).
212
213 C. Defendant, Yeshua El, Moor/Indian ex rel Glenn Cochran, British Subject, a Moor by blood
214 pedigree with an English Contract name to operate in commerce as a British subject under
215 alienation status pursuant Indigenous-Aboriginal Treaties with Great Britain. I am the landlord
216 owner pursuant to blood right pedigree and in possession of the property. I hold a secured

217 interest to the land and property pursuant to treaty and was transferred ownership to the land and
218 property in 2022 pursuant to the laws of our society, [*see exhibit B*] whose principal office is
219 located at 25 Oyo Village, Myaamionki Province of Morocco, in care of (6403 Kindred Square,
220 Montgomery, Ohio 45449).
221
222 D. Defendant, John McManus, Montgomery County Treasurer is the party who sold an interest
223 to the Plaintiff without the consent of the above Defendants and in violation of the Article 9 of
224 the Jay Treaty, Article 6 of the Definitive Peace Treaty and other applicable treaties of the
225 United States and has been challenged in a Quo Warranto for usurping authority that was not
226 delegated to him pursuant to treaties, whose office is located at Montgomery County
227 Administration Building, 451 West Third Street, 2nd floor, Dayton, Ohio 45422. [ *see exhibit C*
228 *Petition for Writ of Quo Warranto* ]
229
230 E. Annette D. Finley, is the party who sold us the property in 2020 and has been improperly
231 joined in this case due to her not having any interest in the property, whose address is 4033
232 Shenandoah Drive, Dayton, Ohio 45417.

## COMPLIANCE WITH PROCEDURE FOR REMOVAL
## 28 U.S. Code § 1446

This civil action removal falls under Treaties of the United States via Jurisdiction and Removal Act of 1875, Section 12 of the Judiciary Act of 1789 and 28 U.S. Code § 1441(c)(1)(A) and not solely on the basis of the jurisdiction under 28 U.S.C. § 1332(a) or 28 U.S.C. § 1441(a) and therefore this is not a general removal procedure where all defendants who have been properly joined and served must join in or consent to the removal of the action [28 U.S. Code § 1446(b)]. The basis of this removal is Treaty violations and Article III, Section 2, Clause 1 of the U.S. Constitution and not solely on the basis of 28 U.S.C. § 1441(a).

## CONCLUSION

In *Society v. New Haven, (8 Wheat.) 464, 5 L. Ed. 662 (1823)*, in the U.S. Supreme Court concluded "...The capacity of private individuals (British subjects), or of corporations, created by the crown, in this country, or in Great Britain, to hold lands or other property in this country, was not affected by the revolution. ***The proper courts*** in this country ***will interfere to prevent an abuse***......neither those courts, nor the local legislature where the lands lie, can adjudge a forfeiture of the franchises of the foreign corporation, or of its property.... The property of British corporations, in this country, is protected by the 6th article of the treaty of peace of 1783, in the same manner as those of natural persons; and their title, thus protected, is confirmed by the 9th article of the treaty of 1794, so ***that it could not be forfeited by any intermediate legislative act***, or other proceeding, for the defect of alienage." The Aggrieved Parties respectfully requests this Honorable Court for an action of Removal to stop the adjudgment of a forfeiture of property

protected by treaties and to prevent the abuse of the STATE OF OHIO and its officials from exercising jurisdiction over land which the Definitive Treaty of Peace of 1783 nor the U.S. Constitution delegates to them. "[...] The efficacy of the treaty is declared and guaranteed by the Constitution of the United States [...] A treaty cannot be the supreme law of the land, that is, of all the United States, if any act of a State legislature can stand in its way[...]" *Hauenstein v. Lynham, 100 U.S. 483 (1879)*. Therefore, this Court is a proper court to interfere, prevent abuse and shall have jurisdiction over the matters laid out in this petition for removal and the Plaintiffs complaint who purchased an interest in a property under a legislative act of a State, without taking notice that the property and land is protected by treaties and guaranteed by the United States via article 6 of the 1778 Lenni-Lenape (Delaware Indians) Treaty and other applicable treaties mentioned above.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

X _____
Affiant



## STATEMENT OF VERIFICATION

I, Yeshua al-Malik El, Moor-Indian ex rel GLENN COCHRAN, British Subject, on behalf of himself and YESHUA AL-MALIK DIVINE REPUBLIC verify that we have read the foregoing "Petition for Removal," and, that the facts related therein are true and correct to the best of my knowledge, information, and belief, and that any false statements herein are made subject to the penalties of perjury.

X _____
 Declarant

### Drafted by

Yeshua al-Malik El - Chief/Public Minister
YESHUA AL MALIK DIVINE REPUBLIC
25 Drew Ali Way
Myaamionki Province of Morocco
in care of postal suite 1-A in America
6403 Kindred Square , DAYTON
Montgomery County, Ohio 45449

-13-

## **AFFIDAVIT OF SUPPORT OF REMOVAL**

I, Yeshua El, being first duly sworn, depose and state as follows:

- I am over 18 years of age and of sound mind and body.

- I am the landlord owner pursuant to blood right pedigree and in possession of the property and hold a secured interest pursuant to treaty. [*see exhibit B*]

- I am the Registered Agent and duly authorized and delegated to handle legal affairs for YESHUA AL-MALIK DIVINE REPUBLIC.

- The property being escheated by MONTGOMERY COUNTY TREASURER was purchased with our Treaty Insurance stated on the instrument and with lawful money according to the treaties, the Holy Bible and the U.S. Constitution. [ *see exhibit G of Petition of Quo Warranto attached as Exhibit C* ]

- I have filed a Writ of Quo Warranto against John McManus to have him show and prove his delegated authority pursuant to treaties to sell a property or sell any interest in property protected by treaty. [*see Exhibit C*]

- I, Yeshua El nor YESHUA AL-MALIK DIVINE REPUBLIC are not, and has never been, incorporated in, and does not and has never maintained its principal place of business in the State of Ohio. Due to acquisition of sovereignty,

-14-

colonization, usurpation and occupation the old maps and names of these lands were destroyed but as an heir-at-law of the Moabites, Canaanites, Hittites, Amorites and native Moors, we have the right to freely pass and repass between jurisdictions of the United States, Great Britain and the ancient boundaries, set up by our foremothers and forefathers, and to exercise power provided to us by the Great Merciful Spirit, Holy Books of our Seer, Constitution/Bylaws of Ministry of Mu [formely YESHUA AL MALIK DIVINE REPUBLIC], Isaiah 1:17; Indigenous-Aboriginal Treaties; English Common Law.

- I, Yeshua El, am a native born on the lands of North, Central and South Turtle Island/Atlantis/Arzareth/Africa/Morocco of the Western Hemisphere but was delivered in an European jurisdiction and due to the STATE OF OHIO and the UNITED STATES not having a structured foundation set up to rightfully and properly census, the birth of the Indigenous Moroccan-Moorish Consanguinity, in their system of records to protect and safeguard my nationality and birthrights, I loss my national political identity as a Moorish-Moroccan and my Moorish government by acquisition of sovereignty through subjugation and language and have no central Moorish-Moroccan government or Moorish Consular Court to file this action of removal. Furthermore, pursuant to article 1 of the 1646 Powhatan Treaty and article 1 of the 1677 Middle-Plantation Treaty, our Kings and Queens agreed to come under the protection of England which allows me to claim the status of a British subject.

382    • I am asking this court to hear this matter based on rights arising under treaties of
383       the United States and diversity.
384

385    • I, Yeshua El nor YESHUA AL-MALIK DIVINE REPUBLIC, have been served
386       personally nor received a copy of the summons and complaint.
387

388    • I have filed this removal in a timely manner and with the proper local authority
389       (Southern District Court of Ohio).
390

391    • This affidavit shall serve as an Exhibit.

X _____
            Affiant

