IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| FIG20, LLC FBO SEC PTY, | : | |
| Plaintiff, | | |
| | | Case No. 3:25-cv-249 |
| v. | : | |
| | | Judge Walter H. Rice |
| YESHUA AL-MALIK | | |
| DIVINE, *et al.*, | | Mag. Judge Caroline H. Gentry |
| | : | |
| Defendants. | | |

ORDER SUSTAINING IN PART AND OVERRULING IN PART MOTION TO REMAND TO STATE COURT AND FOR ATTORNEY FEES OF PLAINTIFF FIG20, LLC FBO SEC PTY (DOC. #10); REMAND MOTION IS OVERRULED WITHOUT PREJUDICE TO RENEWAL UNDER CONDITIONS SET FORTH HEREIN AS TO PLAINTIFF'S REQUEST FOR ATTORNEY FEES; REMAND MOTION IS SUSTAINED IN ALL OTHER RESPECTS; MOTION FOR MISJOINDER OF DEFENDANT ANNETTE J. FINLEY (DOC. #5) AND MOTION TO DISMISS OF DEFENDANT YESHUA AL-MALIK DIVINE (DOC. #14) ARE OVERRULED WITHOUT PREJUDICE TO RENEWAL IN MONTGOMERY COUNTY, OHIO, COURT OF COMMON PLEAS; TERMINATION ENTRY

This matter is before the Court on the Motion to Remand to State Court and for Attorney Fees of Plaintiff FIG20, LLC FBO SEC PTY. (Remand Motion, Doc. #10). On April 8, 2025, Plaintiff filed suit in the Montgomery County, Ohio, Court of Common Pleas ("State Court") against Defendants Yeshua Al-Malik Divine Republic, an Ecclesiastical Trust, doing business as Ministry of Ancient Mu ("Divine Trust") and the Montgomery County, Ohio, Treasurer ("Treasurer"), in an attempt to foreclose the tax lien it held on 4236 Merrinac Ave., in Dayton, Ohio

("Property"), owned by Divine Trust, and force a sale of the Property. (Compl., Doc. #1-1, PAGEID 24-26). In the Amended Complaint, Plaintiff added Defendants Annette D. Finley, and Yeshua El-Divine in his capacity as Overseer/Settler of the Property. (Doc. #1-1, PAGEID 55, ¶ 13). On July 3, 2025, Finley moved to dismiss based on misjoinder, arguing that she had relinquished any interest in the Property when she sold the Property to Divine Trust in 2020. (Misjoinder Motion, Doc. #1-1, PAGEID 64). Plaintiff filed a memorandum *contra* on July 16, 2025. (Doc. #1-1, PAGEID 77). However, before the State Court could rule on Finley's Misjoinder Motion, Divine Trust removed the case to this Court on July 21, 2025. (Removal Notice, Doc. #1). Finley's Misjoinder Motion was subsequently docketed as a separate filing. (Doc. #5).

On July 28, 2025, Plaintiff filed its Remand Motion, raising two main grounds for relief: (1) Removal is barred as a matter of law; and (2) even if removal were proper, this Court lacks subject matter jurisdiction. (Doc. #10, PAGEID 213, citing 28 U.S.C. § 1446(b)(2)(A)). Specifically, Plaintiff argues that it filed a "routine claim for tax certificate foreclosure under Ohio Revised Code Chapter 5721. It does not invoke any federal statute, raise any federal claim, or seek any relief under federal law. Accordingly, there is no basis for federal question jurisdiction." (*Id.* at PAGEID 217, citing OHIO REV. CODE § 5721.01 *et seq.*). Plaintiff continues that Divine Trust failed to "identify any federal statute allegedly violated by Plaintiff, nor does it present any viable federal defense to the claims asserted." (*Id.* at PAGEID 217-18). Thus, Plaintiff concludes, the Court lacks

2

federal question jurisdiction. (*Id.* at PAGEID 218, citing 28 U.S.C. § 1331). As to 28 U.S.C. § 1332, Plaintiff argues that Divine Trust "repeatedly identifies [its] mailing address as 6403 Kindred Square, Montgomery [County], Ohio 45449[,]" and that Divine Trust is a citizen of Ohio because it "has presented no credible evidence of domicile outside Ohio." (*Id.* at PAGEID 218, citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)). Thus, Plaintiff claims, there is not complete diversity, and even if there were, Divine Trust, as an Ohio citizen, could not remove solely on based on diversity due to the "forum defendant rule." (*Id.* at PAGEID 218-19, quoting 28 U.S.C. § 1441(b)(2); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (brackets removed, internal quotation marks and citation omitted) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any party in interest properly joined and served as a defendant is a citizen of the State in which the action is brought.").

Plaintiff argues that, even if subject matter jurisdiction exists, removal is barred and remand is still required. Specifically, Plaintiff notes that Defendants Finley and Montgomery County Treasurer had been properly joined and served prior to removal; thus, they were required to consent to removal, and Divine Trust was required to indicate their consent in the removal petition, which it did not do. Plaintiff claims that "[t]his omission alone mandates remand." (Doc. #10, PAGEID 219-20, citing 28 U.S.C. § 1446(b)(2)(A); *Loftis v. United Parcel Serv.*, 342 F.3d 509, 516 (6th Cir. 2003)). Moreover, Plaintiff asserts that Divine Trust, as a non-human entity, may not proceed *pro se* in federal court, and Divine Trust's failure to obtain

3

counsel to file the Removal Notice renders that Notice improper. (*Id.* at PAGEID 220, citing *Rowland* v. *California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202 (1993)). Finally, Plaintiff claims that Divine Trust's removal action "lacks any objectively reasonable basis[,]" and was "aimed more at delay and disruption than genuine legal redress." Thus, Plaintiff asserts that Divine Trust should be forced to pay attorney fees to Plaintiff as part of the remand order. (*Id.* at PAGEID 220-21, citing 28 U.S.C. § 1447(a); *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)).

On July 28, 2025, Divine Trust filed a Motion to Dismiss the Complaint (Doc. #14), and on August 20, 2025, filed a memorandum *contra* the Remand Motion. (Doc. #16). While, in the memorandum, Divine Trust attempts to set forth subject-matter jurisdiction (*id.* at PAGEID 251-55), it fails to address Plaintiff's argument that Defendants Montgomery County Treasurer and Finley never gave consent to removal, despite being properly joined and served in the State Court prior to filing the Removal Notice. Nor is there any indication from post-removal filings that either Montgomery County Treasurer or Finley ever consented to removal. This failure to obtain unanimous consent deprives this Court of authority to hear the case and compels this Court, upon proper motion, to remand the captioned matter to State Court. 28 U.S.C. § 1446(b)(2)(A); *see also Loftis*, 342 F.3d at 516 ("Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.").

4

Further, while some district courts post-*Loftis* have allowed defendants the opportunity to amend the removal notice to cure the defect, *see, e.g.*, *Roberts v. Glens Falls Ins. Co.*, 415 F. Supp. 2d 779, 781 (N.D. Ohio 2006); *Mal-Sarkar v. Advance*, No. 1:07-cv-2868, 2008 WL 11381830, *3 (N.D. Ohio Jan. 18, 2008), amendment would be futile in this instance. As Plaintiff notes, Divine Trust is domiciled in, and thus, a resident of, the State of Ohio. (Doc. #10, PAGEID 218-19; *see also* Reply, Doc. #19, PAGEID 274 ("Defendant lists and uses a Montgomery County, Ohio address, claims an interest in Ohio property, and is plainly an Ohio citizen."). When a timely motion to remand properly raises the forum-defendant rule, removal is barred. *US Framing Int'l LLC v. Continental Bldg. Co.*, 134 F.4th 423, 429 (6th Cir. 2025). Plaintiff timely and properly invoked the forum-defendant rule, and Divine Trust cannot change its citizenship. Thus, the Court will not give Divine Trust leave to amend its Removal Notice, because remand is required irrespective of whether all Defendants were to consent to removal. Moreover, since removal was improper, the Court will not adjudicate the Misjoinder Motion or Motion to Dismiss, both of which must be litigated in State Court.

As to Plaintiff's request for attorney fees, the Court notes the holding in *Martin* that "courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141 (emphasis added). In other words, even when, as here, Divine Trust lacked any reasonable basis to conclude that it could remove the case at the time it did, imposition of fees is still discretionary. The Court further notes that *pro se*

litigants are held to less stringent standards than parties represented by counsel. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("allegations of the *pro se* complaint . . . [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"). The Court declines to depart at this time from its general practice of leniency toward *pro se* litigants even when, as here, Divine Trust could not properly proceed *pro se* in this Court. *Rowland*, 506 U.S. at 202. However, the Court notes that, in support of its arguments supporting subject matter jurisdiction, Divine Trust has raised several constitutional provisions, treaties, and statutes that cannot confer jurisdiction upon this Court. (*See, e.g.*, Doc. #16, PAGEID 251-52, citing U.S. CONST. art. I, § 8; UNITED STATES AND GREAT BRITAIN, DEFINITIVE TREATY OF PEACE OF 1783, 8 Stat. 81; UNITED STATES AND GREAT BRITAIN, TREATY OF AMITY, COMMERCE, AND NAVIGATION OF 1794, 8 Stat. 116). If Divine Trust makes future filings relying on such legally unfounded principles, then Plaintiff may renew its motion for attorney fees to account for costs incurred in responding to such filings.

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. #10) is OVERRULED WITHOUT PREJUDICE as to Plaintiff's request for attorney fees, subject to the aforementioned conditions, and SUSTAINED in all other respects. Defendant Finley's Misjoinder Motion (Doc. #5) and Defendant Divine Trust's Motion to Dismiss (Doc. #14) are OVERRULED WITHOUT PREJUDICE to renewal in State Court.

The captioned case is hereby ordered terminated upon the dockets records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

September 9, 2025

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT